UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Howard Dotson, | Civ. No. 23-1741 (JWB/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Harding Smith, | |
| Defendant. | |

---

This matter is before the Court on Plaintiff Howard Dotson's civil Complaint (Doc. No. 1) and *in forma pauperis* ("IFP") application (Doc. No. 2), pursuant to 28 U.S.C. § 1915(e). After review and for the reasons stated below, the Court finds that Mr. Dotson's Complaint fails to state a claim upon which relief may be granted. Therefore, the Complaint is dismissed without prejudice and Mr. Dotson's IFP application is denied as moot.

Mr. Dotson claims that he (and others) assembled on Sunday, May 30, 2023, on Elim Lutheran Church property to demonstrate against Defendant Harding Smith and MN Act Now, which has an office on the property. (Doc. No. 1, Compl. ¶ 7.) Mr. Dotson contends that even though they received express permission from "Pastor Dan" of Elim Lutheran Church to gather at that location, Mr. Smith violated Mr. Dotson's First Amendment rights by contacting the Robbinsdale Police Department and making a false report about him being banned from the property. (*Id.*) According to Mr. Dotson, when

Robbinsdale police arrived, they directed him (and others) to move to a location on church property that "Pastor Dan" had not previously authorized. (*Id.*) Mr. Dotson also claims that Mr. Smith later attempted to violate his First Amendment rights again at a Brooklyn Park city council meeting, but Mr. Dotson had already coordinated with the Brooklyn Park chief of police thereby evidently avoiding any confrontation over his speech. (*Id.*) Mr. Dotson claims that Mr. Smith violated his First Amendment rights and slandered him, damaging his personal and professional reputation, and requests money damages. (*Id.*)

Pursuant to 28 U.S.C. § 1915(e)(2), when a plaintiff requests to proceed in IFP, the court must dismiss the case at any time the court determines that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In determining whether a complaint states a claim, the court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although pro se complaints, such as this one, are entitled to a liberal

construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must nevertheless contain specific facts in support of the claims it advances. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Mr. Dotson claims that Mr. Smith violated his First Amendment rights. Section 1983 of Title 42 establishes a cause of action for alleged constitutional violations. To establish a Section 1983 claim, "a plaintiff must allege a violation of a constitutional right committed by a *person acting under color of state law*." *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006) (emphasis added). "Only a state actor can face § 1983 liability." *Doe v. North Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021) (citing *Youngblood v. Hy-Vee Food Stores*, 266 F.3d 851, 855 (8th Cir. 2001)).

Here, Mr. Dotson has failed to establish any facts from which the Court could draw any reasonable inference that Mr. Smith was operating as a state actor when he called the police to direct Mr. Dotson off church property. "The Constitution does not disable private property owners and private lessees from exercising editorial discretion over speech and speakers on their property." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1931 (2019). To be sure, "in a few limited circumstances a private entity can qualify as a state actor, including when the private entity performs a traditional, exclusive public function and when the government acts jointly with the private entity." *Id.* at 637 (internal quotations and citations omitted). But Mr. Dotson has failed to allege any facts suggesting that any of these exceptions apply here. Accordingly, Mr. Dotson has failed to establish a plausible § 1983 claim.

Mr. Dotson has also failed to articulate any other federal cause of action, and on review of his Complaint, the Court finds none. *See Bediako v. Stein Mart, Inc.*, 345 F.3d 835, 840 (8th Cir. 2004) (stating federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised"). This leaves Mr. Dotson's claim that Mr. Smith slandered him, damaging his personal and professional reputation. (Doc. No. 1, Comp. ¶ 7.) Slander, however, is typically a state law tort, which does not, by itself, give rise to a federal cause of action. *See Estiverne v. Times-Picayune LLC*, 206 F. App'x 323, 325 (5th Cir. 2006) ("[Plaintiff] has not alleged a violation of any right guaranteed by federal law because damage to his reputation is the only injury" alleged in the complaint . . . [and] defamation . . . [is] only actionable under state law.").

Although § 1331 establishes federal-court jurisdiction over federal-law claims, that provision cannot supply original jurisdiction over state-law claims. Mr. Dotson has not alleged that the parties are of diverse citizenship, and therefore 28 U.S.C. § 1332 cannot supply original jurisdiction over the state-law claims. Further, the Eighth Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims where, as here, all federal claims are dismissed prior to trial. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008). For these reasons, the entirety of this action will be dismissed without prejudice—the federal-law claims for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and the state-law claims for lack of jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). Mr. Dotson's IFP

4

application (Doc. No. 2), is thus denied as moot.[1] Through this Order, however, the Court in no way states an opinion on whether Plaintiff may be able to assert a plausible state-law claim, and this Order does not preclude Plaintiff from filing an appropriate case in state court asserting state-law claims if there is a good faith basis for asserting such claims and they are not otherwise barred or precluded by law.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff Howard Dotson's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

2. Plaintiff Howard Dotson's IFP Application (Doc. No. 2) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

[1] The Court questions whether Mr. Dotson would qualify to proceed IFP. Mr. Dotson's IFP application is likely deficient because it does not include his signature affirming that the information provided in the application is true and correct. *See* 28 U.S.C. § 1915(a)(1). This deficiency is particularly relevant here because although the application does not provide any information on Mr. Dotson's expected income, the information provided indicates that from March 20, 2023 – June 5, 2023, he earned $4,000 per month, which is almost two times greater than his monthly expenses of $1,870. (Doc. No. 2, IFP App.) "The central question in determining whether an individual qualifies financially for IFP status is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Olson v. Ramsey Cty.,* No. 15-CV-3131 (DWF/JSM), 2015 WL 5778478, at *4 (D. Minn. July 31, 2015) (quotations omitted), *report and recommendation adopted*, 2015 WL 5778478 (D. Minn. Oct. 1, 2014). Based on the information provided, the Court questions whether Mr. Dotson could afford the costs of litigation without suffering any undue hardship. In any event, the Court need not reach this question because, for the reasons outlined above, Mr. Dotson's Complaint is dismissed.

Dated: June 30, 2023                             *s/ Jerry W. Blackwell*
                                                JERRY W. BLACKWELL
                                                United States District Judge